In re **KLEINING FUR CORPORATION.**

**BRONNER v. KLEINING FUR CORPORATION.**

No. 290.

Circuit Court of Appeals, Second Circuit.

July 25, 1942.

Sol S. Roth and Dannenberg & Hazen, all of New York City (Julius M. Arnstein, of New York City, of counsel), for appellant.

Sidney Roffman, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On January 16, 1942, Kleining Fur Corp., hereinafter referred to as Kleining, filed a

petition in the District Court under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On March 6, 1942, Salomon L. Bronner, who was not listed as a creditor in the schedules, filed a claim against the debtor for $14,000. The pertinent clauses of the proof of claim read as follows: "That the above named Bankrupt was at and before the time of the filing of the petition in bankruptcy herein and still is justly and truly indebted to said claimant in the sum of $14,000.00. That the consideration of said debt is written guaranty executed by debtor guarantying investment made by Debtor in Lemkin, Eilender & Goodman, Inc., at special instance and request of Debtor and for benefit of Debtor." (The word "Debtor" appearing in the last line was inadvertently used in place of "Bronner.")

Thereupon the debtor moved before the referee to expunge the claim on the ground that there was not a guaranty. The claimant offered in evidence as proof a written agreement dated September 26, 1941, to which the debtor, Bronner, the corporation Lemkin, Eilender & Goodman, Inc., and Henry Lemkin, Irving Eilender and Herman Goodman individually and as copartners were parties. It recited that the individuals Lemkin, Eilender and Goodman had agreed with Bronner on July 16, 1941, that their fur business, carried on by them as partners, should be transferred to a corporation to be formed and known as Lemkin, Eilender & Goodman, Inc., and that Bronner was to invest $15,000 in this corporation in exchange for which he was to receive 132 shares of preferred stock, having a par value of $100 a share, and 66 shares of common stock, having no par value, and Lemkin, Eilender and Goodman were each to receive individually 66 shares of common stock in exchange for their interest in the partnership; that Lemkin, Eilender & Goodman, Inc., was incorporated on August 20, 1941; that Kleining was a "major creditor" of the partnership; that Lemkin, Eilender & Goodman, Inc., was to assume the debts of the partnership among which was the obligation to Kleining; that Bronner consented to invest $15,000 upon the conditions set forth in the agreement and that the parties thereto, in consideration of one dollar and the mutual promises and covenants therein contained, agreed:

That Bronner invest $15,000 in Lemkin, Eilender & Goodman, Inc.;

That Kleining purchase the shares of stock from Bronner on or before January 31, 1942, for the sum of $15,000;

That any profits on the books of the corporation as of that date were to be divided as follows:

| | |
|---|---|
| Lemkin | 22% |
| Eilender | 22% |
| Goodman | 22% |
| Bronner | 22% |
| Kleining Fur Corp. | 12% |

That in consideration of Kleining's agreement to purchase all of Bronner's stock Lemkin, Eilender and Goodman individually endorse their shares in blank and deposit them in escrow subject to full reimbursement to Kleining by Lemkin, Eilender and Goodman individually of any sum which Kleining might be subject to pay in the purchase of Bronner's stock;

That Lemkin, Eilender & Goodman, Inc., should pay all its debts, which were to include the partnership debts of Lemkin, Eilender and Goodman;

That upon the payment by Kleining to Bronner of $15,000 for the latter's stock Bronner would transfer it to Kleining;

That if Lemkin, Eilender & Goodman, Inc., should become financially embarrassed so that it should file a petition in bankruptcy or an arrangement, or should an involuntary petition be filed against it, Kleining would immediately purchase Bronner's share for $15,000;

That if Kleining should be compelled to advance any sums to Bronner under its agreement to purchase his stock and should sustain any losses, Lemkin, Eilender and Goodman would become liable for such losses and upon the payment thereof would be entitled to have the stock transferred to them by Kleining;

That the agreement of September 26, 1941, supplemented the agreement of July 16 between Lemkin, Eilender and Goodman and Bronner.

The referee expunged the claim on the ground that the contract was not a guaranty of an investment by Bronner and did not support his claim. The District Court, on petition for a review, reversed the referee's order and remanded the matter for further hearing on the merits, holding that the agreement, whether one of purchase at the original cost or of guaranty, was "in effect a guaranty." Kleining has appealed, argu-

ing that the contract was not a guaranty and that on its face it was void for lack of consideration. We can discover no legal basis for its position.

■ Whether the contract was one of guaranty or of purchase and sale was quite immaterial for purposes of allowing the proof of claim to be filed and taking testimony as to the amount provable thereunder. It makes no difference how one may characterize the contract so long as it gives rise to a legal obligation capable of proof in bankruptcy. The agreement in question did so.

■ The contention that Kleining's agreement to purchase Bronner's stock lacked consideration is plainly without substance. The promise of Bronner, who was to own both preferred and common stock, to surrender his preference and to yield to Kleining 12% of the profits earned by the corporation while he held the stock was consideration on his part quite in addition to any obligation he may have before incurred to subscribe and pay for the stock of the corporation when issued. Not only did he furnish this additional consideration in return for the agreement of Kleining, but he also agreed to sell his shares to the latter.

The order of the District Court is accordingly affirmed.